IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**LYNETRIC J. CARPENTER,**

    **Plaintiff,**

v.                                                       Civil Action No. 3:17cv523

**JACK BARBER,** *et al.,*

    **Defendants.**

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiff Lynetric J. Carpenter's Motion to Alter Judgment under Rule 59[1] (the "Motion"). (ECF No. 15.) Defendants[2] responded and Carpenter replied. (ECF Nos. 17, 18.) Accordingly, the matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. The Court exercises jurisdiction pursuant to 28 U.S.C. § 1331.[3] For the reasons that follow, the Court will deny the Motion.

---

[1] Federal Rule of Civil Procedure 59 states, in relevant part: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Carpenter timely filed the Motion.

[2] In her Complaint (the "Original Complaint"), Carpenter originally brought this action against Defendants Jack Barber, in his official capacity as Interim Commissioner of the Virginia Department of Health and Developmental Services, and Suzanne Battaglia, Mindy Ball, and Stacy Pendleton, each in her individual capacity (collectively, "Defendants"). (*See* Original Compl., ECF No.1.) Carpenter identified Battaglia, Ball, and Pendleton as white women.

[3] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Original Complaint alleged violations of 28 U.S.C. § 1981.

## I. Factual and Procedural Background

### A. Procedural Background

Carpenter originally brought this action against Defendants for: (1) failure to hire due to race discrimination, in violation of 42 U.S.C. § 1981;[4] and, (2) violating her procedural due process rights, in violation of 42 U.S.C. § 1983.[5] Defendants moved to dismiss Carpenter's Complaint (the "Original Complaint") under Federal Rule of Civil Procedure 12(b)(6)[6] (the "Motion to Dismiss"). (ECF No. 3.)

The Court referred the Motion to Dismiss to the Honorable Roderick C. Young, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B).[7] (ECF No. 10.) On May 2, 2018,

---

[4] Section 1981 provides in relevant part: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens[.]" 42 U.S.C. § 1981.

[5] Section 1983 provides a private right of action for a violation of constitutional rights by persons acting under the color of state law: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

[6] Federal Rule of Civil Procedure 12(b)(6) allows dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

[7] Section 636(b)(1)(B) provides:

(b)(1) Notwithstanding any provision of law to the contrary—

> (B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any [motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for

the Magistrate Judge filed a Report and Recommendation ("R&R"). (ECF No. 11.) The Magistrate Judge recommended that the Court grant Defendants' Motion to Dismiss and dismiss Carpenter's Original Complaint with prejudice.

By copy of the R&R, each party was advised of the right to file written objections to the findings and recommendations made in the R&R within fourteen days after being served with a copy of the decision. 28 U.S.C. § 636(b)(1). On May 16, 2018, Carpenter and Defendants timely filed objections to the R&R.[8] (ECF Nos. 12, 13.)

On June 11, 2018, the Court adopted the findings in the R&R, but dismissed the Original Complaint without prejudice. On July 9, 2018, Carpenter filed the current Motion, asking the Court to amend its June 11, 2018 Memorandum Order to allow her to file an Amended Complaint. Carpenter attaches a Proposed First Amended Complaint (the "Amended Complaint") to the Motion. (ECF No. 15-1.) Defendants opposed the Motion, and Carpenter replied.

---

failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action], of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

28 U.S.C. § 636(b)(1)(B).

[8] Defendants objected to "(1) the Court's recommendation against considering all the exhibits attached to the motion to dismiss; and (2) the Court's report/finding that Carpenter adequately pleaded intent to discriminate on the basis of race." (Defs.' Obj. 2, ECF No. 12.) The Court overruled Defendants' objections. (June 11, 2018 Mem. Order 6, ECF No. 14.)
Carpenter raised three objections. First, Carpenter alleged that the R&R erroneously held her to a higher pleading standard when it required her to show a contractual interest to sustain her § 1981 claim. Next, Carpenter objected to the R&R's recommended finding that she failed to show a claim of entitlement to the COA position, defeating Count II, her § 1983 claim. Finally, Carpenter argued that Court should, at least, dismiss the case without prejudice. The Court overruled the first two objections, but dismissed the case without prejudice as Carpenter requested.

## B. Summary of Allegations in the Original Complaint[9]

The Virginia Department of Behavioral Health and Developmental Services ("VDBHDS" or the "Department") has employed Carpenter, an African-American female, since 2008. Carpenter first worked as a Program Administrative Specialist III, and then, starting in 2013, as an Information Technology Specialist I. Carpenter consistently received excellent performance evaluations throughout this time.

In December 2015, Carpenter applied for the position of Clinical Operations Analyst ("COA") within VDBHDS. Carpenter avers that "[b]y any measure, Carpenter was the most objectively qualified applicant for the position. Despite this, the position was awarded to a white male applicant." (Original Compl. ¶ 14.) Carpenter claims the white male applicant (the "Other Applicant") "did not satisfy even the most minimum objective qualifications for the position." (*Id.* ¶ 15.)

Carpenter alleges that Defendants "blatantly manipulated" the hiring process to favor the Other Applicant over Carpenter because of Carpenter's race. (*Id.* ¶ 25.) Specifically, Carpenter claims that VDBHDS originally considered the Other Applicant from a first batch of applicants[10] and decided not to offer the COA position to the Other Applicant.[11] Rather than moving on to the second batch of applicants, which included Carpenter's application, the Department violated

---

[9] The Court assumes familiarity with the allegations in the Original Complaint, (ECF No. 1), as articulated in the R&R, (ECF No. 11), and adopted by this Court, (*see* June 11, 2018 Mem. Order, ECF No. 14). The Court only briefly summarizes the allegations here.

[10] Two batches of applicants existed, based on when the applicants submitted their job applications. The first batch included three candidates. The second batch of applicants included Carpenter. Neither the Original Complaint nor the Amended Complaint indicates the total number of applicants in the second batch.

[11] Of the two other applicants in the first batch, the Department rejected one applicant after an interview and offered the COA position to the third applicant, who declined the offer.

4

its own hiring policies to reconsider the Other Applicant. VDBHDS ultimately offered the Other Applicant the position without ever considering Carpenter's application. The Other Applicant accepted the offer.

Carpenter states that Defendants manipulated the hiring process to prevent Carpenter from obtaining the job offer due to racial animus against her. According to Carpenter, absent this manipulation, the Department would have considered her application, would have interviewed her for the position, and would have ultimately offered her the job.

### C. Additional Allegations in the Proposed Amended Complaint

The Amended Complaint largely raises the same factual allegations as the Original Complaint, with necessary procedural changes[12] and some substantive elaboration, discussed below. The Amended Complaint brings a single claim under § 1981. Unlike the Original Complaint, Carpenter does not bring a § 1983 claim in the Amended Complaint.

Carpenter adds new factual allegations in support of her § 1981 claim. Carpenter claims, upon information and belief, that Defendants "knew that Carpenter was the most qualified of the applicants in the second batch and that if they allowed the process to proceed to the second batch ... then Carpenter would have been ... awarded the position." (Am. Compl. ¶ 2.) In support, Carpenter alleges that only she, among the second batch of applicants, satisfied the minimum qualifications for the position. Carpenter concludes that "a proper review of the second batch of candidates would have inevitably led to Carpenter being the only candidate who could have, and would have, received an offer for the position." (*Id.*) According to Carpenter, Defendants Ball

---

[12] For example, the Amended Complaint identifies "Dr. S. Hughes Melton" as the Commissioner of the Department in lieu of Jack Barber, who previously served as Interim Commissioner. (*Compare* Compl. ¶ 5 *with* Am. Compl. ¶ 6.)

5

and Battaglia, motivated by racial animus towards Carpenter, "*knew* that they had to short-circuit the hiring process in order to prevent Carpenter from receiving the position." (*Id.* ¶ 26.)

## II. Applicable Legal Standards

Carpenter's Motion presents a unique procedural question. A Rule 59 motion imposes a higher burden on the moving party than does a Rule 15 motion. When a plaintiff simultaneously files a motion to alter judgment pursuant to Rule 59 and a motion to file an amended complaint pursuant to Rule 15, the Court employs the more permissive standard under Rule 15 to determine whether to grant the motions. *See, e.g., Hart v. Hanover Cty. School Bd.*, 495 Fed. Appx. 314, 315 (4th Cir. 2012).

Here, Carpenter filed a Rule 59 Motion to Amend the Judgment, but did not file a motion to amend the complaint under Rule 15. Nothing requires the Court to construe Carpenter's Rule 59 Motion as a motion brought pursuant to both Rule 59 and Rule 15. *See, cf., Cavalry Christian Ctr. v. City of Fredericksburg, Va.*, 710 F.3d 536, 539 (4th Cir. 2013) (rejecting the argument that the district court should have construed a motion to amend the complaint pursuant to Rule 15 as also moving to amend the judgment).

Because Carpenter's Motion would fail even under Rule 15's permissive standard, the Court need not determine whether the Motion meets the more stringent test[13] applicable to Rule

---

[13] Federal Rule of Civil Procedure 59(e) states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The United States Court of Appeals for the Fourth Circuit has recognized three bases for amending an earlier judgment: "(1) to accommodate an intervening change in the controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pacific Ins. Co. v. American Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

6

59 motions. The Court proceeds with an analysis pursuant to Rule 15 without finding that a Rule 15 analysis should pertain in these procedural circumstances.[14]

## A. Rule 15(a) Legal Standard

Federal Rule of Civil Procedure 15(a)(2) instructs courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). A district court retains the discretion to grant or deny leave to amend, "but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Supreme Court of the United States has identified considerations that justify denying amendment, including undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of the amendment. *Davis*, 371 U.S. at 182; *see also Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) ("The law is well settled 'that leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986))).

Futility of the amendment exists when the Amended Complaint would not survive a motion to dismiss. *See Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995). "That said, a district court's failure to articulate its reasons for denying leave to amend does not amount to an abuse of discretion so long as its reasons are apparent." *United States ex rel. Carson v. Manor Care, Inc.*, 851 F.3d 293, 305 n.6 (4th Cir. 2017) (internal quotation and citations omitted).

---

[14] Neither party briefs the Motion by citing to the higher Rule 59 standard.

7

B. <u>Section 1981 Standard</u>

Section 1981 provides, in relevant part: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens[.]" 42 U.S.C. § 1981.

To prevail on a claim under § 1981, "a plaintiff must ultimately establish both that the defendant intended to discriminate on the basis of race, and that the discrimination interfered with a contractual interest." *Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 434 (4th Cir. 2006). The contractual interest need not be limited to performance of an existing contract, as § 1981 "offers relief when racial discrimination blocks the creation of a contractual relationship . . . so long as the plaintiff has or would have rights under the existing or proposed contractual relationship." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006). But a "plaintiff must establish the loss of an actual, not speculative or prospective, contract interest." *Denny*, 456 F.3d at 435 (quoting *Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 751 (5th Cir. 2001)).

### III.
### The Court Will Deny the Motion Because the Amended Complaint Does Not Cure the Deficiencies of the Original Complaint

The Court's June 11, 2018 Memorandum Order dismissed both causes of actions in Carpenter's Original Complaint. Specifically, the Court found that, although Carpenter plausibly alleged that Defendants discriminated against her on the basis of race, Carpenter's § 1981 claim nevertheless failed because the Original Complaint did not plausibly show a contractual interest in the COA position. The Court further concluded that Carpenter's § 1983 claim failed because Carpenter did not show that she had a protectable property interest in the COA position. The Court dismissed the case without prejudice.

8

The Motion seeks to alter the Court's June 11, 2018 judgment so that Carpenter may file the Amended Complaint, which would allege only her § 1981 claim. In support, Carpenter claims to "address and rectify the perceived deficiencies with her first Complaint." (Mem. Supp. Mot. 1, ECF No. 16.) Having reviewed the Amended Complaint, the Court concludes, even considering the dictates of Rule 15 requiring a Court to grant liberal leave to amend, that Carpenter still does not plausibly allege a contractual interest in the COA position such that her Amended Complaint would survive a Rule 12(b)(6) motion to dismiss.[15] Accordingly, the Court must deny the Motion because amendment would be futile.[16]

For Carpenter's § 1981 claim to prevail, she must "ultimately establish both that the defendant intended to discriminate on the basis of race, and that the discrimination interfered with a contractual interest." *Denny*, 456 F.3d at 434. For the purpose of prevailing on a motion to amend brought pursuant to Rule 15, Carpenter need only show that amendment would not be futile by proffering an amended complaint that would survive a Rule 12(b)(6) Motion. *See Perkins*, 55 F.3d at 917.

The R&R concluded that Carpenter alleged facts that supported the plausible conclusion that Defendants discriminated against her on the basis of race, and the Court adopted these findings over Defendants' Objection. The R&R also determined—and this Court confirmed—

---

[15] Rule 12(b)(6) allows dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[16] Defendants do not argue, and the Court does not suggest, that any other grounds would exist for denying the Motion under Rule 15.

that Carpenter failed to allege facts sufficient to support her conclusory statement that she would have attained the COA position if not for Defendants' discriminatory actions. Carpenter claimed that, absent Defendants' discrimination, the Department would have considered her application, would have interviewed her, and would have offered her the COA position. The Court concluded that "Carpenter did not allege facts, even viewed favorably, that could show that she would have been offered the interview, much less the job, were it not for manipulation of the paperwork." (June 11, 2018 Mem. Order 5.)

The Amended Complaint does not cure the deficiencies of the Original Complaint. In support of its conclusion that Carpenter had a contractual interest in the COA position, the Amended Complaint attempts to create a stronger causal link between Defendants' actions and Carpenter's failure to obtain the COA position. First, the Amended Complaint alleges, upon information and belief, that Carpenter "was the most qualified of the applicants in the second batch" of applicants. (Am. Comp. ¶ 2.) In support, Carpenter alleges—again on information and belief—that only she, among the second batch of applicants, satisfied the minimum qualifications for the position. Carpenter concludes that "a proper review of the second batch of candidates would have *inevitably* led to Carpenter being the only candidate who could have, and would have, received an offer for the position." (*Id.* ¶ 24 (emphasis added).)

These additional allegations do not plausibly evidence a contractual interest under § 1981. Although the Court views all well-pleaded facts in the light most favorable to Carpenter, conclusory statements and speculation are not entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 679. Even assuming, for the purpose of the instant Motion, that Carpenter was the most objectively qualified candidate among the applicants in the second batch, this does not create a contractual interest in the position. The contract may not be merely "speculative or prospective."

*Denny*, 456 F.3d at 435 (quotation omitted). Carpenter's interest in the position, and her objectively superior qualification for the position, would not suffice to plausibly establish that a proposed contract existed between Carpenter and VDBHDS.

Carpenter's Amended Complaint fails to allege facts sufficient to plausibly claim that absent Defendants' discriminatory conduct, Carpenter: (1) would have been considered as part of the second batch of applicants; (2) would have been interviewed; and, (3) would have been offered the COA position.

Because Carpenter fails to allege facts sufficient to plausibly support a claim that Defendants interfered with an actual contractual interest, the Court concludes that the Amended Complaint would not survive a Rule 12(b)(6) motion to dismiss. Accordingly, even presuming that the lenient Rule 15 analysis pertained, the Court would have to deny the Motion because amendment would be futile. *See Perkins*, 55 F.3d at 917.

### IV. Conclusion

For the foregoing reasons, the Court will deny the Motion.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: 12/7/18
Richmond, Virginia